IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUE VALUE COMPANY, L.L.C. and TV COOPERATIVE COMPANY, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 20-cv-00024 |
| vs. | ) ) | Judge Matthew F. Kennelly |
| WYE KNOT, INC., WYE KNOT CARDINAL PROPERTY, LLC and JUDY A. PEIFFER, | ) ) ) ) ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

NOW COMES the Plaintiffs, TRUE VALUE COMPANY, L.L.C. f/k/a TRUE VALUE COMPANY (the "Company") and TV COOPERATIVE COMPANY (the "Cooperative") (hereinafter referred to collectively as "True Value"), by and through their attorney, ElevateNext Law, and complains of Defendants WYE KNOT, INC. d/b/a CARDINAL TRUE VALUE HARDWARE (hereinafter referred to as "Wye Knot"), WYE KNOT CARDINAL PROPERTY, LLC and JUDY A. PEIFFER (together with Wye Knot, hereinafter referred to collectively as "Defendants"), as follows:

**NATURE OF THE CASE**

1. This is a breach of contract action arising out of Defendants' failure to pay their outstanding debt. Wye Knot entered into a retail member agreement with True Value as of January 16, 2015, which was automatically modified from time to time until Wye Knot's termination of membership on or about September 6, 2019.

2. Pursuant to the parties' written agreements, Joe's Hardware purchased hardware and household goods and/or received member assistance and services upon credit or consignment

1

from True Value, which True Value provided, and for which Wye Knot was obligated to pay.

3. Wye Knot failed and/or refused to pay for the products, services and/or member assistance credits ordered from True Value and that True Value provided, resulting in an outstanding balance of $301,871.52. Defendants Wye Knot Cardinal Property, LLC and Judy A. Peiffer guaranteed this debt. True Value now seeks the outstanding amounts due and owing from Defendants.

**PARTIES**

4. Plaintiff True Value Company, L.L.C. is a Delaware limited liability company, formerly known as True Value Company, and qualified to do business in Illinois with offices in Harvard, McHenry County, Illinois.

5. Plaintiff TV Cooperative Company is a Delaware corporation operating as a cooperative, with a registered office located in Wilmington, New Castle County, Delaware.

6. Defendant Wye Knot is a Montana corporation, with a principal and registered office located at 16 Seventh Avenue West, Kalispell, Montana 59901.

7. Defendant Wye Knot Cardinal Property, LLC is a Montana limited liability company, with a principal and registered office located at 16 Seventh Avenue West, Kalispell, Montana 59901.

8. Defendant Judy Peiffer is the Owner and Registered Agent of Wye Knot and Wye Knot Cardinal, LLC and is an individual whose last known address is 324 Stillwater Loop, Kalispell, Montana 59901.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over Defendants because they expressly agreed in the Retail Member Agreement (and Terms and Conditions of Sale) and Personal/Corporate Guaranties

that are the basis for this lawsuit that they would be subject to the jurisdiction of this Court.

10. In addition, this judicial district is an appropriate venue for this lawsuit because a substantial part of the events giving rise to the claim occurred in this judicial district. Moreover, Defendants agreed in the Retail Member Agreement (and Terms and Conditions of Sale) and Personal/Corporate Guaranties that are the basis for this lawsuit that this judicial district is an appropriate venue for this lawsuit.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. True Value is, and has been for over 70 years, the wholesaler for independently owned and operated retail hardware stores, which purchase products and services from True Value either as customers pursuant to terms and conditions of sale, or as members who joined the True Value cooperative network by signing a retail member agreement with True Value, or its predecessors.

12. The purpose of the True Value cooperative network is to aggregate the group buying power and group billing procedures of customers and the member stores ("Members") to enable them to purchase inventory at prices lower than they could negotiate individually. True Value does not provide its Members with any kind of store operation plan, nor does it require them to operate their store in a particular way. These Members, as independent retailers, are allowed to use the True Value® mark, and are free to decide how to operate their business, determine what merchandise they will stock, sell or rent, and how their stores shall be identified.

13. Prior to doing business as True Value Company, L.L.C., the Company was formerly known as True Value Company, and conducted business as such, at times pertinent to this matter.

14. At all times relevant hereto, Defendant Wye Knot owned and operated the Cardinal True Value Hardware store location in Kalispell, Montana, as a Member of True Value (under

Member #19686).

15. On or about January 16, 2015, Wye Knot joined the True Value cooperative network by signing a retail member agreement with True Value, which was automatically modified from time to time thereafter, and remained a Member until September 6, 2019. There has been no substantive change in the business dealings between the parties from 2015 until True Value terminated the relationship in 2019. A true and correct copy of Wye Knot's signed retail member agreement dated January 16, 2015 is attached hereto as Exhibit A.

16. According to the terms and conditions of Wye Knot's signed retail member agreement with True Value dated January 16, 2015, the agreement "shall be automatically modified upon notice from the Company to the Member of any relevant change in the Certificate of Incorporation and/or By-Laws of the Company, or by resolution of the Board of Directors." (*See* Ex. A at ¶ 32.)

17. In March 2018, True Value's then-Board of Directors approved the current operating Retail Member Agreement ("Member Agreement") and By-Laws of the Cooperative ("By-Laws") in connection with a proposed private equity transaction, and the proposed transaction was approved by an affirmative vote of a majority of the current stockholders of the Company, after notice and at a special meeting held on April 20, 2018 (the "Transaction").

18. The Transaction was accomplished pursuant to a reorganization that resulted in: (1) the Company becoming a direct, wholly-owned subsidiary of the Cooperative; (2) the Company's stockholders becoming stockholders of the Cooperative, holding identical securities as their common stock in the Company; and (3) the Company converting from a corporation (named True Value Company) to a limited liability company (now named True Value Company, L.L.C.).

19. Following the reorganization, the Cooperative caused the Company to distribute to

the Cooperative all retail member agreements between the Company and its Members (which, immediately prior to the closing of the Transaction, were amended by the Cooperative to be substantially in the form of the new Member Agreement), and the stockholders of the Cooperative, including Wye Knot, continued to participate as members of the Cooperative and customers of the Company. (*See* Group Exhibit B, attached hereto.)

20. The new Member Agreement and By-Laws were then authorized and adopted by the Cooperative's Board of Directors and became effective on April 20, 2018 (*see* Group Ex. B), and on such date, the new Member Agreement automatically modified and took the place of all prior retail member agreements signed by Wye Knot. A true and correct copy of the current operating Member Agreement, in effect at the time of Wye Knot's termination of membership, is attached hereto as Exhibit C.

21. The Member Agreement is governed by the Terms and Conditions of Sale, attached to the Member Agreement as Annex 1 (the "Terms"), and obligates Wye Knot "to pay in full on the date due all invoices on accounts receivable statements and any other financial obligations to [True Value] or its subsidiaries." (*See* Ex. C, Annex I, at 1.) Failure to pay any amount when due is an event of default and allows True Value to terminate the Terms and "declare immediately due and payable the obligations of [Wye Knot]…." (*Id.* at 2.) In any event, Wye Knot "shall remain liable for all loss and damage sustained by [True Value] because of [Wye Knot's] default." (*Id.*)

22. On or prior to its termination of membership on September 6, 2019, pursuant to the Member Agreement and Terms, and with full knowledge that the Member Agreement had changed and that the express terms of the Member Agreement provide that "[t]he most current form of the Retail Member Agreement as authorized and adopted by the Cooperative's Board of Directors from time to time shall govern all past and present relations, actions or claims arising between the

Cooperative and the Member" (Ex. C at ¶24), Wye Knot purchased hardware and household goods and/or received services upon credit or consignment from True Value.

23. True Value fully performed its obligations pursuant to its agreement with Wye Knot and provided or caused to be provided the valuable products, services and/or member assistance credits that Wye Knot ordered.

24. Wye Knot accepted these products, services and/or credits; however, it failed and/or refused to pay for them, and as of September 1, 2019, True Value is owed $301,871.52 for Wye Knot's unpaid financial obligations, plus any additional fees incurred by True Value to collect the amount owed by Wye Knot. A true and correct copy of Wye Knot's recently published Member Statement evidencing the outstanding debt is attached hereto as Exhibit D.

## COUNT I
## BREACH OF CONTRACT
### (against Wye Knot)

NOW COMES the Plaintiffs, True Value Company, L.L.C. f/k/a True Value Company and TV Cooperative Company, by and through their attorneys, and for their cause of action against Defendant Wye Knot, state:

25. Plaintiffs repeat, re-allege and incorporate by reference their paragraphs 1-24 herein as their paragraphs 1-24 of this Count I.

26. The Member Agreement and Terms constitute a valid and enforceable contract between True Value and Wye Knot.

27. True Value has performed all obligations and duties required of it pursuant to the terms of the pertinent Member Agreement and Terms between the parties.

28. On July 15, 2019, True Value delivered written notice to Wye Knot of the total amount then owed by Wye Knot for any unpaid products, service and/or member assistance credits it had received from True Value and demanded payment in full within ten (10) days. A true and

correct copy of True Value's demand letter dated July 15, 2019 is attached hereto as Exhibit E.

29. Notwithstanding True Value's performance of all its obligations, Wye Knot failed and/or refused to pay True Value for Wye Knot's outstanding debt to True Value.

30. As a result of its failure and refusal to pay the sum of $301,871.52 to True Value, Wye Knot has breached the obligations of its Member Agreement and Terms.

31. Additionally, the Terms provides that "[a] finance charge of one and one-half percent (1½%) per month will be applied to any unpaid balance after thirty (30) days" and "[i]n the event that collection efforts are necessary, [True Value] shall be entitled to the recovery of all costs and expenses, including attorneys' fees." (*See* Ex. C, Annex I, at 1.)

32. As a direct and proximate result of Wye Knot's breach of the Member Agreement and Terms, True Value has sustained damages in the sum of $301,871.52 plus costs, interest as it accrues and attorneys' fees, and Wye Knot is obligated to pay such damages.

WHEREFORE, Plaintiff True Value prays that this Honorable Court enter Judgment in its favor and against Defendant Wye Knot in the amount of $301,871.52 plus costs, interest as it accrues and attorneys' fees, and such further relief as this Court shall deem just and equitable.

## COUNT II
## ACCOUNT STATED
### (against Wye Knot)

NOW COMES the Plaintiffs, True Value Company, L.L.C. f/k/a True Value Company and TV Cooperative Company, by and through their attorneys, and for their cause of action against Defendant Wye Knot, state:

33. Plaintiffs repeat, re-allege and incorporate by reference their paragraphs 1-24 herein as their paragraphs 1-24 of this Count II.

34. True Value and Wye Knot have conducted previous monetary transactions wherein True Value agreed to sell products and furnish services and member assistance upon credit or

7

consignment to Wye Knot for a sum certain and Wye Knot agreed to pay that amount to True Value. These transactions were reflected in the bi-monthly Member Statements that True Value sent to Wye Knot, specifically setting forth the amounts due and owing.

35. The Member Statement attached hereto as Exhibit D represents these transactions between True Value and Wye Knot and includes the final transactions between them. Exhibit D is a true and correct copy of a recently published Member Statement, and the cumulative balance of $301,871.52 stated thereon is accurate.

36. Pursuant to the Member Agreement and Terms, Wye Knot promised to pay its account receivable balance and other financial obligations in full on the date due, as shown in the Member Statement, but has failed, refused and continues to refuse to do so.

37. Wye Knot has not disputed or objected to any of the Member Statements sent by True Value setting forth the amounts due and owing for products and/or services, including the recently published Member Statement contained in Exhibit D.

WHEREFORE, Plaintiff True Value prays that this Honorable Court enter Judgment in its favor and against Defendant Wye Knot in the amount of $301,871.52 plus costs, interest as it accrues and attorneys' fees, and such further relief as this Court shall deem just and equitable.

**COUNT III**
**BREACH OF PERSONAL GUARANTY OBLIGATION**
**(against Judy A. Peiffer)**

NOW COMES the Plaintiff, True Value Company, L.L.C. f/k/a True Value Company, by and through its attorneys, and for its cause of action against Defendant Jude A. Peiffer, states:

38. Plaintiff repeats, re-alleges and incorporates by reference its paragraphs 1-24 herein as its paragraphs 1-24 of this Count III.

39. On or about January 16, 2015, to induce the Company to provide products, credits and/or services to Wye Knot, Defendant Judy A. Peiffer ("Guarantor") unconditionally guaranteed

the obligations of Wye Knot by signing a Personal Guaranty in favor of the Company. A true and correct copy of Guarantor's signed Personal Guaranty, with social security number redacted, is attached hereto as Exhibit F.

40. The Company provided products, member assistance credits and/or services to Wye Knot, as a result of which Wye Knot became indebted to True Value, as set forth in Count One, above. Wye Knot has not satisfied its debt to True Value.

41. The Company has performed all its obligations and duties to Defendants.

42. From 2015 (when Guarantor signed the Personal Guaranty) until True Value terminated Wye Knot's membership in 2019, the business dealings between the Company and Defendants remained the same, with no increase in risk undertaken by Guarantor, even after the Transaction: Defendants owned and operated a hardware store as a Member using the True Value® name and purchased products from the Company. Execution of the Personal Guaranty allowed Wye Knot to purchase those products and receive member assistance credits and services from the Company.

43. By the terms of the Personal Guaranty, Guarantor guaranteed the payment of all amounts due and owing to the Company by Wye Knot for such products, credits and services. (Ex. F at 1.) Following its conversion and name change to True Value Company, L.L.C., the amounts due and payable to the Company at the address listed on the Personal Guaranty are still due and payable to the Company at the same address.

44. Furthermore, the Personal Guaranty provides that Illinois law governs, and that the Company is authorized to file suit against Guarantor in McHenry County, Illinois. (Ex. F at 2.)

45. On July 15, 2019, the Company delivered written notice to Guarantor that Wye Knot's account was past due and demanded payment in full within ten (10) days of the entire

amount owed by Wye Knot and guaranteed by Guarantor, for all unpaid products, credits and services provided by the Company. A true and correct copy of the Company's letter to Guarantor dated July 15, 2019 is attached hereto as Exhibit G.

46. As of September 1, 2019, Wye Knot owed True Value a total of $301,871.52, plus costs, interest as it accrues and attorneys' fees. The Company has demanded that Wye Knot pay the amount due, but Wye Knot has failed and/or refused to pay.

47. Pursuant to the terms of the Personal Guaranty, Guarantor is obligated to satisfy Wye Knot's debt to the Company. Yet, despite the Company's demand, Guarantor has failed and/or refused to perform the obligations of the Personal Guaranty and to pay the Company the sum of $301,871.52, representing Wye Knot's outstanding debt owed to True Value.

48. Additionally, the Personal Guaranty provides that "Should [the Company] employ an attorney or attorneys to enforce the payment or other terms of this guaranty, or to enforce the payment of any claim or claims against any of the Debtors, [the Company] shall be entitled to reimbursement from the undersigned of the amount of attorneys' fees and other costs which [the Company] may have paid or obligated [itself] to pay." (*See* Ex. F at 2.)

49. As a direct and proximate result of Guarantor's breach of the Personal Guaranty, the Company has sustained damages in the sum of $301,871.52 plus costs, interest as it accrues and attorneys' fees, and Guarantor is obligated to pay such damages.

WHEREFORE, Plaintiff True Value Company, L.L.C. f/k/a True Value Company prays that the Court enter Judgment in its favor and against Defendant Judy A. Peiffer in the amount of $301,871.52 plus costs, interest as it accrues and attorneys' fees, and such other and further relief as this Court shall deem just and equitable.

## COUNT IV
## BREACH OF CORPORATE GUARANTY OBLIGATION
### (against Wye Knot Cardinal Property, LLC)

NOW COMES the Plaintiff, True Value Company, L.L.C. f/k/a True Value Company, by and through its attorneys, and for its cause of action against Defendant Wye Knot Cardinal Property, LLC, states:

47. Plaintiff repeats, re-alleges and incorporates by reference its paragraphs 1-24 herein as its paragraphs 1-24 of this Count IV.

48. On January 27, 2015, to induce the Company to provide products, credits and/or services to Wye Knot, Defendant Wye Knot Cardinal Property, LLC (hereinafter referred to as "Cardinal Property") unconditionally guaranteed the obligations of Wye Knot by signing a Corporate Guaranty in favor of the Company. A true and correct copy of Cardinal Property's signed Corporate Guaranty is attached hereto as Exhibit H.

49. The Company provided products, member assistance credits and/or services to Wye Knot, as a result of which Wye Knot became indebted to True Value, as set forth in Count One, above. Wye Knot has not satisfied its debt to True Value.

50. The Company has performed all of its obligations and duties to Defendants.

51. From 2015 (when Cardinal Property signed the Corporate Guaranty) until True Value terminated Wye Knot's membership in 2019, the business dealings between the Company and Defendants remained the same, with no increase in risk undertaken by Cardinal Property, even after the Transaction: Defendants owned and operated a hardware store as a Member using the True Value® name and purchased products from the Company. Execution of the Corporate Guaranty allowed Wye Knot to purchase those products and receive member assistance credits and services from the Company.

52. By the terms of the Corporate Guaranty, Cardinal Property guaranteed the payment

11

of all amounts due and owing to the Company by Wye Knot for such products, credits and services. (Ex. H at 1.) Following its conversion and name change to True Value Company, L.L.C., the amounts due and payable to the Company at the address listed on the Corporate Guaranty are still due and payable to the Company at the same address.

53. Furthermore, the Corporate Guaranty provides that Illinois law governs, and that the Company is authorized to file suit against Cardinal Property in any Illinois county contiguous to Cook County, Illinois.

54. On July 15, 2019, the Company delivered written notice to Cardinal Property that Wye Knot's account was past due and demanded payment in full within ten (10) days of the entire amount owed by Wye Knot and guaranteed by Cardinal Property, for all unpaid products, credits and services provided by True Value. A true and correct copy of the Company's letter to Cardinal Property dated July 15, 2019 is attached hereto as Exhibit I.

55. As of September 1, 2019, Wye Knot owed the Company a total of $301,871.52, plus costs, interest as it accrues, and reasonable attorneys' fees. The Company has demanded that Cardinal Property pay the amount due, but Cardinal Property has refused and continues to refuse to pay.

56. Pursuant to the terms of the Corporate Guaranty, Cardinal Property is obligated to satisfy Wye Knot's debt to the Company. Yet, despite the Company's demand, Cardinal Property has refused and continues to refuse to perform the obligations of the Corporate Guaranty and to pay the Company the sum of $301,871.52, representing Wye Knot's outstanding debt owed to True Value under the Member Agreement.

57. As a direct and proximate result of Cardinal Property's breach of the Corporate Guaranty, the Company has sustained damages in the sum of $301,871.52 plus costs, interest as it

accrues, and reasonable attorneys' fees, and Cardinal Property is obligated to pay such damages.

WHEREFORE, Plaintiff True Value Company, L.L.C. f/k/a True Value Company prays that the Court enter Judgment in its favor and against Defendant Cardinal Property in the amount of $301,871.52 plus costs, interest as it accrues, and such other and further relief as this Court shall deem just and equitable.

Dated: February 27, 2020

Respectfully submitted,

TRUE VALUE COMPANY, L.L.C. f/k/a
TRUE VALUE COMPANY and
TV COOPERATIVE COMPANY, Plaintiffs

By: */s/ Matthew Campobasso*
Matthew Campobasso
One of Their Attorneys

Matthew R. Campobasso
ELEVATENEXT LAW
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
Telephone: 312.676.5460
Facsimile: 312.676.5499
Matthew.campobasso@elevatenextlaw.com
***Attorney for Plaintiffs***

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2020, I caused the foregoing to be served upon all counsel of record via the Court's ECF system.

*/s/ Matthew Campobasso*
Matthew Campobasso
